**GREAT AMERICAN DEVELOPMENT COMPANY, Appellant,**

**v.**

**Clayton N. SMITH, Appellee.**

**No. 10489.**

Court of Civil Appeals of Texas.

Austin.

June 12, 1957.

Schleyer & Bartram, of New Braunfels, Small, Small & Craig, of Austin, for appellant.

H. A. Triesch, Fuchs & Riedel, all of New Braunfels Butler, Binion, Rice & Cook, R. H. Singleton, all of Houston, for appellee.

GRAY, Justice.

This suit involves the riparian rights of appellant and appellee. They are owners of land on and along Rebecca Creek in Comal County. Appellant's land is down stream from and adjoins that of appellee.

We are not confronted with any right conferred by appropriation acts of the Legislature, adverse use, prescription or any facts which by reason thereof the loss of appellant's riparian rights might result.

Appellant sued appellee and prayed that he be temporarily and permanently enjoined from taking water from Rebecca Creek for irrigation or for any use other than for household purposes and the watering of livestock so long as such use causes said creek to cease to flow onto its land.

On September 4, 1956, a temporary restraining order as prayed for by appellant was issued. By agreement of the parties this order was continued in effect until October 5, 1956, when it was modified to the extent of permitting appellee to "operate his pump between the hours of six o'clock a. m. and nine o'clock a. m. and between the hours of three o'clock p. m. and six o'clock p. m. daily, and at no other times." On the same day the cause was set down for trial on its merits for October 18, 1956, and on which date the cause did proceed to trial.

Appellee's answer, in part, consisted of a cross action wherein he alleged that the temporary injunction was wrongfully issued; that he was denied the right to irrigate; that he suffered damages, and prayed that he have judgment for such damages.

Rebecca Creek has always been known to be a flowing stream across appellant's land. It had large pools of water on appellant's land and also on appellee's. Its

# 862

principal source of water supply is a spring located on appellee's land. In October, 1943, this spring was discharging in excess of 1,500 gallons of water per minute. Presumably because of the extreme drought that has existed for some years, by August, 1956, its discharge had diminished to 350 gallons per minute and on October 2, 1956, its flow was measured at 178 gallons of water per minute.

Appellee has owned his land since 1951. About eighteen months or two years prior to the trial he installed a pump in the creek some distance below the spring and pumped water out of the creek and irrigated field crops. This pump was capable of pumping 600 gallons per minute and appellee pumped from six to seven hours per day fifteen to seventeen days per month. Appellee however estimated that he pumped about 450 gallons per minute and did not think he pumped as much as six or seven hours per day. Up to the late spring or early summer of 1956, Rebecca Creek had always flowed onto appellant's land and had furnished sufficient water for domestic uses and for livestock. At that time the creek stopped flowing, the pools of water on appellant's land lowered and the water became covered with scum to the extent that appellant regarded it unfit for domestic uses and for livestock. Appellant dug a well in the creek but it dried up. Another was dug to a deeper depth and water was pumped from the second well.

After September 4, 1956, while the restraining order was in effect, the pump was stopped and thereafter water began to flow from appellee's land onto appellant's and the water in appellant's pools began to rise.

A witness for appellee testified that on October 2, 1956, he measured the flow of the spring and found that it was flowing at the rate of 178 gallons per minute and that he found water flowing on appellant's land 400 feet downstream from the property line at the rate of 57 gallons per minute. At this time there had not been any pumping for at least eighteen days—appellee

testified that he received notice of the restraining order September 13, 1956, and then phoned his foreman "not to pump any more until he heard from me."

The above is the substance of the testimony heard at the trial. We have however omitted reference to the evidence as to evaporation of water, water taken up by trees and other growth along the creek as well as the formation, gravel beds and the like along the creek bed.

A jury trial was had and in answer to special issues the jury found:

"Special Issue No. 1: Do you find from a preponderance of the evidence that during the months of June, July and August, 1956, the defendant, Clayton N. Smith, appropriated daily to his own use the entire flow of water in Rebecca Creek?

"Answer: 'We do' or 'We do not'.

"Answer: We do not."

"Special Issue No. 6: Do you find from a preponderance of the evidence that the act of the Great American Development Company in obtaining an order from the District Court of Comal County, Texas, on the 3rd day of September, 1956, restraining Clayton N. Smith from irrigating his field crops until a trial by jury of the dispute could be had was unreasonable under the circumstances existing at the time in question?

"Answer: 'We do' or 'We do not'.

"Answer: We do not."

The jury answered "none" to the issues inquiring what amount of money would reasonably compensate appellee for: injuries to his crops caused by the lack of water since September 3, 1956, and for money spent for necessary feed for his cattle since September 3, 1956.

Issues not set out or referred to supra were conditionally submitted and were not answered.

The trial court rendered judgment on the jury's verdict that both appellant and appellee take nothing. Only appellant has appealed.

Appellant filed a motion for judgment non obstante veredicto and complains that for various reasons the motion should have been granted. It also objected to the submission of issue 1 and requested the submission of the following issue:

"Do you find from a preponderance of the evidence that the defendant's use of the waters of Rebecca Creek for irrigation was an unreasonable use of such water, considering all the circumstances and conditions under which it was made?"

The question for decision is the right of appellant, a lower riparian owner, in and to the flowing waters of Rebecca Creek, or, stated differently, did appellee have the right to irrigate from Rebecca Creek to the detriment of appellant's right to a proper supply of the water for domestic purposes and for livestock?

The rights of riparian owners in the water of a flowing stream has often received the attention of our Supreme Court. In the early case of Rhodes v. Whitehead, 27 Tex. 304, 309, the court recognized that one riparian owner has a right to the use of the water flowing over his land in its natural current "without diminution or obstruction," but only in common with every other riparian owner. The language of that opinion was considered in Watkins Land Co. v. Clements, 98 Tex. 578, 86 S.W. 733, 70 L.R.A. 964, and it was there stated that it did not mean that irrigation was a natural use for which one owner could exhaust the flow of the stream. In Fleming v. Davis, 37 Tex. 173, 192, Fleming

"purchased the headspring in 1866, he made more extensive improvements, and claimed the exclusive right to the use of the water for irrigation purposes.

"In September, 1868, Davis, whose administratrix now represents him, brought this suit, claiming damages for the wrongful diversion and waste of the water. The appellant claims the exclusive right to the water of the stream, for irrigation purposes."

Mrs. Davis recovered a judgment against Fleming for damages and the judgment was sustained on the doctrine stated in cited cases that:

"Every person through whose land a natural water-course runs, has a right, publici juris, to the benefit of it as it passes through his land, for all the useful purposes to which it may be applied; and no proprietor of land on the same water-course, either above or below, has a right unreasonably to divert it from flowing into his premises, or obstruct it in passing from them, or to corrupt or destroy it. It is inseparably annexed to the soil, and passes with it, not as an easement, nor as an appurtenance, but as parcel."

In Baker v. Brown, 55 Tex. 377, 379, the Court said:

"To the general rule founded on the equality of right in the waters of a stream, that one proprietor should not so use the same as to essentially or materially diminish the quantity to the detriment of another, an exception is allowed in those cases in which it is used for natural wants and domestic purposes, in contradistinction to artificial or mechanical purposes. Rhodes v. Whitehead, 27 Tex. 304; Evans v. Merriweather, 3 Scam. 492.

"Although it may be difficult to always draw with precision the line which may divide these two classes, yet it is abundantly supported by authority, that the right to irrigate, when not indispensable, but used simply to increase the products of the soil, would be subordinate to the right of a coproprietor to supply his natural wants and that of his family, tenants and stock; as to quench thirst, and to the right to use the water for necessary domestic purposes."

In Watkins Land Co. v. Clements, supra, the court rejected the contention that irrigation is a reasonable use of the water of a stream in the arid regions of Texas and that an upper riparian owner may exhaust the supply of water in the streams if necessary for irrigation of his land that is riparian to such stream. In so doing the court held that irrigation is subordinate to the use of the waters of a stream for domestic purposes for which use the water may be exhausted.

In Motl v. Boyd, 116 Tex. 82, 286 S.W. 458, it is held that riparian rights are granted by the sovereign to the grantee of lands riparian to flowing streams; that such rights extend to the ordinary flow and underflow of the stream included in which are all waters, regardless of source, which do not rise above the line of highest ordinary and normal flow.

■ All the authorities supra agree that the rights of riparian owners to the water of a flowing stream are rights common to all and that one owner does not have the right to use the water for irrigation to the substantial injury of another owner. The test to be applied is that the use must be a reasonable use considering all the facts and circumstances. In Motl v. Boyd supra it is stated that "A use which works substantial injury to the common right as between riparians is an unreasonable use." Citing Long on Irrigation, Sec. 56, p. 106.

Appellee appears to say that appellant desired the waters of Rebecca Creek to flow on its land for swimming or for purposes other than for domestic uses and for livestock. Appellant having a vested right to receive its proportionate share of such water would have the right to use it for a lawful purpose which under the facts and circumstances was a reasonable use. Chicago R. I. & G. Ry. Co. v. Tarrant Co. Water Control & Imp. Dist., 123 Tex. 432, 73 S.W.2d 55, 44 Tex.Jur., Sec. 38, p. 52.

■ The evidence before us conclusively shows that appellee by pumping water from Rebecca Creek for irrigation of his field crops has stopped the flow of water onto appellant's land, and has caused the water in the pools to lower and become covered with scum and probably unfit, or at least undesirable, for human consumption and for livestock. These conclusions follow from the facts that: Appellee's pump while running took more than the flow of the spring—more than twice the amount, per minute or per hour, that the spring was flowing on October 2, 1956. This necessarily depleted the supply of water in the pools above appellant's land and until such supply in those pools was replenished by the flow from the spring water could not flow onto appellant's land. This conclusion is supported by appellee's witness who testified that on October 2, 1956, when the pump had not been operated for a time, water was flowing on appellant's land 400 feet below the property line. The foregoing facts being established then appellee's use of the water for irrigation was an unreasonable use under the facts and circumstances.

It is our opinion that the jury's answer to issue 1 supra is not sufficient to support the judgment rendered. We also think that appellant's requested issue was a proper issue and should have been given if the facts had presented a jury question. However we think that because the evidence conclusively shows that appellee's use of the water of Rebecca Creek for irrigation was an unreasonable use under the facts and circumstances a directed verdict for appellant would have been proper and therefore its motion for judgment non obstante veredicto should have been granted. Rule 301, Texas Rules of Civil Procedure.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter judgment permanently enjoining appellee from taking water from Rebecca Creek for irrigation to the extent of preventing water from flowing onto appellant's land.

Reversed and remanded with instructions.